UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10135 GAO

JOHN C. VOTTA JR.    MAGISTRATE JUDGE Collins  Civil Action No.
    Plaintiff  )
                )
v.                )  COMPLAINT
                )
MARTHA COAKLEY, et al )
    Defendants )

1.  This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C.S.1983 and 1985, as authorized under 28 U.S.C.A. sections 1343(3),(4) and 2283, seeking redress for the deprivation of the plaintiff's state and federal constitutional rights. Venue is proper in the U.S. District Court of Massachusetts, as all of the acts complained of occurred within the territory of the state of Massachusetts.

IDENTITY OF THE PARTIES

2.  The plaintiff, John C. Votta Jr., is a native of Massachusetts and presently resides at 505 Douglas Road Lowell, Massachusetts with his wife, Judith. Plaintiff and his wife have three children and two grandchildren. Prior to his present occupation of automobile sales, plaintiff received his college education from Northeastern University and, later, was employed by Honeywell, BASF Systems and Wang Laboratories for a total period of twenty four years as an electronic engineer which led to a promotion to an engineering management position. Due to a major downturn in the electronics industry, resulting in an exodus of jobs out of Massachusetts, plaintiff chose to make a career change and bought an existing car dealership in 1990.

3. Martha Coakley is the district attorney for Middlesex county in the state of Massachusetts. Robert Horack is an attorney and employed by the Registrar of Motor Vehicles. James Rooney is a supervisor at the Lowell Branch of the Registry of Motor Vehicles and employed by the Registrar of Motor Vehicles. Cynthia Guarracino and Darlene Pedersen are customer service representatives and are employed by the Registrar of Motor Vehicles.

## JURISDICTION

4. As applied to all counts of plaintiff's complaint, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. sections 1343(3),(4) and 2283, for violation of constitutional rights as provided for under 42 U.S.C.A. sections 1983 and 1985. The plaintiff seeks injunctive relief pursuant to 28 U.S.C.A. section 2283.

## INTRODUCTION TO FACTUAL ALLEGATIONS

5. This case involved a bad faith prosecution, based solely on innuendoes, and brought in retaliation, by certain officials of the Registry of Motor Vehicles, against the plaintiff for petitioning against an adverse order of the Registrar of Motor Vehicles. On March 26, 1996, the Registrar, Jerold A. Gnazzo, revoked all of plaintiff's auto dealership registration plates on an allegation, by a Massachusetts State Trooper, of a violation of failing to maintain a used car record book under M.G.L.c.140 s.62. Approximately four and half years later, a state Superior Court Judge reversed the adverse order of the Registrar, based on insufficient evidence to justify the Registrar's action. During the pending action in Superior Court, plaintiff filed a civil rights claim for damages in federal court against William Schaefer, a Massachusetts State Trooper and the

appeal and access to courts by misusing and abusing the legal process to the extent that a judge of the Lowell District Court vacated the remainder of plaintiff's sentence.

For cause of action against district attorney Martha Coakley, et all, plaintiff alleges:

6. On April 28, 1998, district attorney Martha Coakley, or persons under her control, did unfairly influence or persuade a magistrate of the Lowell District Court from mediation by refusing to invite the alleged victim and alleged witness and to hear plaintiff's customers, in a show cause hearing in violation of plaintiff's right to be fully heard.

7. After a Lowell District Court Judge dismissed the criminal complaint against the plaintiff, district attorney Martha Coakley, or persons under her control did file a new criminal complaint and did unfairly influence or persuade another magistrate of the Lowell District Court from mediation by refusing to invite the alleged victim and alleged witness, or to hear plaintiff's customers, in a show cause hearing, on August 11, 1998, in violation of plaintiff's right to be fully heard.

8. District attorney Martha Coakley, or persons under her control, did intentionally conceal the identity of the alleged witness until the day of the trial. Evidence during and after the trial showed that the alleged witness was not present during the alleged incident. The jury was unaware of this evidence since the alleged victim and all of the witnesses were sequestered and plaintiff did not testify on advice of court appointed counsel, where there was no evidence of physical contact between plaintiff and the alleged victim.

9. Minutes before the trial, prosecutor Diedre O'Brien, under the direction of district

attorney Martha Coakley, amended the indictment to include unsupported evidence of prior bad acts with which she unfairly influenced or persuaded the judge to allow her to present to the jury.

10. In addition to the introduction of unsupported evidence of prior bad acts, prosecutor Diedre O'Brien, under the direction of district attorney Martha Coakley, in order to guarantee the conviction also elicited, from the alleged victim, a false and highly prejudicial accusation of an assault and battery on trooper Schaefer, an accusation that the district attorney knew was a rumor from the manager, James Rooney.

11. Before the trial, district attorney Martha Coakley, or persons under her control, did intentionally misrepresent facts causing the trial judge to form an unjustified bias against the plaintiff whereby the judge allowed, after a prior suppression agreement, prosecutor Diedre O'Brien an extensive and unfair latitude to probe the rumor of an assault and battery on trooper Schaefer, before giving an ineffective curative instruction. As additional evidence of unjustified bias towards plaintiff, the judge instructed the jury to disregard "the fact that Mr. Votta was arrested", when nothing to an alleged arrest appeared in the indictment and where the police simply told plaintiff and his customers to leave. On the following day plaintiff's customers returned to the same Registry and had the same document processed that was previously rejected by the alleged victim.

12. For a total of over one and a half years, assistant district attorney Jane L. Fitzpatrick, under the direction of district attorney Martha Coakley, did intentionally delay her opposition to plaintiff's motion and amended motion for a new trial, causing a denial for consideration of a consolidated appeal on all plaintiff's issues.

13. District attorney Martha Coakley, or persons under her control, did intentionally influence or persuade a clerk magistrate to issue, against the plaintiff, a default warrant lacking probable cause.

14. On April 3, 2002, and again on April 23, 2002, assistant district attorney, Jane L. Fitzpatrick, under the direction of district attorney Martha Coakley, did intentionally attempt to influence or persuade a judge to have the plaintiff incarcerated for three months, based on a false accusation of a probation violation.

15. By continuing to both withhold exculpatory evidence and misrepresent facts, district attorney Martha Coakley, or persons under her control, caused the denial of plaintiff's state court relief by abusing a privilege based on settled Massachusetts law, in which appellate courts defer issues of credibility in favor of the prosecution.

16. Prior to the filing of this action, district attorney Martha Coakley, refused plaintiff's request to either, urge the single justice of the Massachusetts Supreme Judicial Court to vacate plaintiff's criminal conviction, or refrain from filing an opposition.

## COUNT I

17. Plaintiff incorporates herein by reference the allegations contained in paragraphs 5-12, inclusive and further alleges that the defendant, district attorney Martha Coakley, or persons under her control, did, in concert with the named defendants and other unnamed persons of the Registry of Motor Vehicles, institute a bad faith criminal prosecution in violation of rights protected under 42 U.S.C.A.s.1983 and 1985, against plaintiff by misusing and abusing legal process in retaliation for plaintiff's petitioning

activities. The complained of acts were done with an improper motive to willfully injure plaintiff and with deliberate indifference to plaintiff's due process rights as guaranteed under the Fourth and Fourteenth Amendments to the Constitution and the Massachusetts Declaration of Rights.

## COUNT II

18. Plaintiff incorporates herein by reference the allegations contained in paragraphs 5-12, inclusive and further alleges that the defendant, district attorney Martha Coakley, or persons under her control, intentionally hindered plaintiff's right of appeal to the courts causing actual injury to the plaintiff as alleged in paragraphs 13-16, inclusive and in violation of rights guaranteed under the First, Fifth and Fourteenth Amendments to the Constitution and the Massachusetts Declaration of Rights.

## PRAYER FOR RELIEF

19. Wherefore, as a proximate cause to the injury suffered by plaintiff, as alleged in Counts I and II, plaintiff seeks and prays judgment by means of an injunction to enjoin the defendant, district attorney Martha Coakley, or persons under her control, from opposing plaintiff's petition for extraordinary relief from the single justice of the Massachusetts Supreme Judicial Court.

By the Plaintiff,

*[signature]*

John C. Votta Jr.
505 Douglas Road
Lowell, MA. 01852
(978) 459-8449