# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
JOHN C. VOTTA, JR.            )
      Plaintiff,           )
                    )      CA. No. 04-10135-GAO
v.                      )
                    )
MARTHA COAKLEY, et al.   )
      Defendants      )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DISTRICT ATTORNEY COAKLEY'S MOTION TO DISMISS</u>

Defendant Martha Coakley ("District Attorney") respectfully submits this memorandum of law in support of her motion to dismiss the plaintiff's complaint seeking injunctive relief under 42 U.S.C. §1983.

The complaint must be dismissed for three principal reasons; each independently sufficient to sustain a ruling under Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6). First, this court does not have jurisdiction because the plaintiff lacks standing. Second, this court lacks jurisdiction because there is no presently existing case or controversy between the parties at bar. Third, the plaintiff's petition for injunctive relief must be dismissed based on the Supreme Court doctrine that civil rights actions cannot be used to advance what is in fact a habeas corpus challenge.

Even viewing the allegations in the light most favorable to the plaintiff, the complaint must be dismissed with prejudice as no interpretation of the facts can create a cognizable cause of action for which this court could provide a remedy.

I.  <u>Allegations</u>

The complaint alleges the following:

Plaintiff had a protracted dispute with the Registry of Motor Vehicles. On an unspecified date, some time between March 26, 1996 and April 18, 1998, plaintiff became involved in an altercation with a public servant of the Lowell branch of the Registry of Motor Vehicles when this official did not issue a registration. The incident escalated and after the police arrived and interviewed witnesses, Votta was asked to leave the premises. Votta was charged and convicted of assault and battery of a public servant. *See* Compl. at ¶ 5.

During the course of this prosecution, undertaken by the Middlesex County District Attorney's Office, the Commonwealth chose to proceed to a jury trial rather than mediate the claims against Votta. *See id.* at ¶ 6, 12. The original complaint was dismissed, but the amended complaint brought the parties to trial. *Id.* at ¶ 7, 8. Votta attempted to counterclaim against the aggrieved public servant's husband, alleging that it was Votta who was in fact the victim of an assault. The magistrate refused to accept this counterclaim. Id. at ¶ 5.

During the course of the criminal proceedings, Votta received the assistance of counsel. *Id.* at ¶ 8. Nevertheless, the plaintiff alleges that his rights to a full hearing were compromised by the District Attorney's decisions regarding the conduct of his prosecution. The plaintiff alleges that the District Attorney's witness presentation, complaint amendment and choice to pursue trial rather than plaintiff's preferred mode of adjudication--mediation--amounted to a deprivation of his Constitutional rights. *Id.* at ¶ 6. Further constitutional rights were allegedly violated when the plaintiff was incarcerated pursuant to a default warrant for violating probation. *Id.* at ¶ 13-14. Votta

lastly seeks to attach liability to the District Attorney's refusal to respond to his demand to either persuade a single justice of the Supreme Judicial Court ("SJC") to grant extraordinary relief for Votta or to refrain from opposing his motion for the same.  Id. at ¶16.

Votta claims that his cause of action against the District Attorney arises under 42 U.S.C. § 1983 and § 1985.  Specifically, Votta alleges constitutional violations under the First, Fourth, Fifth and Fourteenth Amendments, as well as under the Massachusetts Declaration of Rights.  As his sole remedy, plaintiff asks this court to enjoin the District Attorney from responding to his, as yet unfiled, motion to the SJC, invoking 28 U.S.C. § 2283 as authority to intervene in the state court proceedings.

## II.  Defenses

### a.  Plaintiff lacks standing

The plaintiff's complaint must be dismissed because he lacks standing to invoke this court's jurisdiction.  "Standing is, of course, a threshold issue in every case before a federal court: If a plaintiff lacks standing, he or she cannot invoke its jurisdiction." *Park v. Forest Service of the United States of America*, 205 F.3d 1034, 1036 (8th Cir. 2000). *See also Warth v. Sedlin,* 422 U.S. 490, 498 (1975) (standing is a threshold issue); *United States v. One-Sixth Share of Mass Million Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003) ("standing is a threshold consideration in all cases.").   In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) the Supreme Court set out three elements required to establish standing: one, the plaintiff must establish an injury in fact; two, a causal link must exist between the conduct complained of and the injury sustained; and three, a favorable decision must be likely to redress the harm.  *See also Allen v. Wright*,

468 U.S. 737, 751 (1984) (in order to establish standing, "plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct likely to be redressed by the requested relief."). Plaintiff's complaint fails to meet any of these elements.

Assuming that plaintiff is not using this action to collaterally challenge his criminal conviction, *see infra* at Sec. II. C., he has suffered no cognizable harm for which the law provides a remedy. Plaintiff complains that he was prosecuted for assaulting a public officer. Assuming the validity of the conviction, there is no constitutional right to be free from the legal consequences of criminal conduct, including a criminal prosecution. Votta also alleges that during his prosecution, the District Attorney refused to mediate the criminal charges and instead pursued the case through a jury trial. The Constitution protects a criminal defendant's right to trial by jury, but no constitutionally protected right to one's preferred mode of adjudication exists. *See, e.g., Wetherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no Constitutional right to plea bargain; the prosecution need not do so if he prefers to go to trial."). The Sixth Amendment guarantees the right Votta now suggests was a constitutional injury, namely, "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. Amend. VI.

Further, Votta complains that the District Attorney filed an amended complaint against him and that his prosecution did not rest on sufficient evidence. Compl. at ¶ 8. If the plaintiff wishes to challenge the sufficiency of the evidence supporting his conviction, the only remedy is habeas corpus. *See* Sec. II. C., *infra*. Votta's complaint relies heavily on challenging the District Attorney's trial strategy and her actions during the course of trial. There is simply no constitutional right for a plaintiff to control the

4

prosecution.  Plaintiff pleads no injury related to his criminal trial, other than the still-valid criminal conviction itself, which is not a cognizable injury under § 1983.

Nor has Votta suffered any cognizable injury from the District Attorney's failure to promise not to oppose his petition to the SJC.  The Constitution is conspicuously devoid of any right to unopposed court actions; the mere fact of opposition is not itself an actual, concrete injury.  The very nature of the adversarial process envisions a debate, not a monologue.  Therefore, there is no imminent threat to any constitutional right upon which this court could act to enjoin the District Attorney from responding to Votta's contemplated SJC petition.

Furthermore, even if any constitutional injury was suffered in the criminal prosecution, "[i]n the case of complaints for injunctive relief, the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm." *Park*, 205 F.3d at 1036.  In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), the Supreme Court squarely addressed the availability of injunctive relief to prevent the threat of future harm and determined that this threat must be immediate and cognizable, not merely speculative and conjectural.  *Lyons*, 461 U.S. at 105.  The Court's analysis contained two elements to establish future harm: a) the possibility of a similar encounter with government actors must be immediate and b) the possibility of having the same constitutional rights violated during such encounter must not be merely speculative. Votta's complaint fails to meet both elements.  Votta has failed to allege and has no colorable argument that he faces *any* threat of future harm (other than the consequences of his criminal conviction), much less one that is immediate and probable.  Therefore, Votta has not suffered any injury in fact for which this court could issue an injunction.

Votta also lacks standing because he fails to meet the second or "causation" prong of the *Lujan* test. Here, there is no causal connection between the conduct complained of and the alleged injury suffered. If plaintiff has suffered any injury at all, it is the fact that he was convicted of a crime. Assuming, as the court must in this proceeding, the validity of Votta's criminal conviction, it was not the District Attorney's conduct at trial that caused any injury suffered by plaintiff, but rather the fact that Votta was guilty of the crime charged. Since Votta cannot establish that any cognizable injury he suffered was due to the conduct he complains of here, the complaint fails to meet this nexus requirement, and thus to establish standing.

Third, Votta fails to establish standing to invoke this court's jurisdiction because the likelihood that the alleged harm will be redressed by granting the requested injunction is purely speculative. This third, "redressability" requirement is not met for two reasons. First, as no injury exists, an injunction can provide no remedy. Second, even if a cognizable harm could be divined, the injunction does not secure a remedy. Plaintiff's contemplated petition to the SJC will (presumably) seek to invoke that court's superintendence power over inferior courts that, under Massachusetts law, allows the SJC to correct and prevent errors made by those courts in the interest of justice.[1] Such relief is purely at that court's discretion. An injunction barring the District Attorney from responding to Votta's petition will not necessarily have any bearing on the SJC's ruling. The court would still be free to reject Votta's petition. The injuries plaintiff claims to

---

[1] "The Supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts … which may be necessary to the furtherance of justice and to the regular execution of the laws." Mass.

have suffered by the conduct of his trial would not be redressed by the injunction plaintiff seeks here.

This court must, therefore, dismiss plaintiff's complaint because he has no standing. Votta has suffered no injury in fact. Because the conduct complained of is insufficient to create cognizable harm, no nexus can exist between the conduct and harm claims. Finally, the injunctive relief sought here will not be likely to redress any harm Votta may have suffered, because the injunction sought would have no bearing on the scope or effect of the SJC's discretionary power.

      b.   <u>The court lacks jurisdiction because no current case or controversy exists.</u>

Article III of the United States Constitution limits the judicial power to "cases" and "controversies." No such dispute presently exists between the parties at bar, and this court accordingly lacks jurisdiction over the complaint. Plaintiff essentially urges this court to exercise "hypothetical jurisdiction" based on conjectured future occurrences. In reality, plaintiff's complaint is grounded entirely on past actions by defendant, which have no continuing effect, other than the ongoing existence of plaintiff's criminal conviction, which this action may not challenge.

As the Supreme Court held in *Texas v United States*, 523 U.S. 296, 300 (1998), a "claim is not ripe for adjudication if it rests upon conjectured future events that may not occur as anticipated, or may not occur at all." Votta does not plead that he has even filed a petition with the SJC. Both his actions and the Commonwealth's response are speculative here. No current concrete controversy exists between these parties. As such, this court is being urged to exercise "hypothetical jurisdiction" and essentially give an

---

Gen. L. c. 211, § 3.

advisory opinion based on abstract propositions, a function the Supreme Court has clearly prohibited. *U.S. Nat. Bank of Oregon v Independent Ins. Agents of America, Inc.*, 408 U.S. 439, 446 (1993); *see also Flast v Cohen*, 392 U.S. 83, 97 (1968).

Even if Votta were able to meet the elements of standing, he would still fail to establish ripeness because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v Littleton*, 414 U.S. 488, 496-97 (1974). In a prayer for injunctive relief, the petitioner must establish not only a past cause of action but also a continuing controversy or the effects thereof. Votta pleads no ongoing "adverse effects" and none can plausibly be inferred from his petition. His motion to this court relies purely on past actions and seeks to enjoin speculative future events. The only continuing effect is a criminal conviction, which plaintiff cannot challenge here. Therefore, this court should dismiss Votta's petition because there is no present case or controversy.

c.    Challenges to criminal convictions are not cognizable under  § 1983

Votta's complaint must be dismissed because the relief sought implicitly challenges the validity of his state criminal conviction.  Votta petitions this court to enjoin the District Attorney from continuing to defend the validity of his criminal conviction.  As such, Votta attempts to use this court's power and his civil rights claim to indirectly invalidate his criminal conviction.  This collateral attack is precluded by the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994), stating that § 1983 may not be used to impugn a state criminal conviction.

*Heck* set out the principle that § 1983 may not be used to implicitly invalidate convictions but rather, to bring a § 1983 civil rights action, the plaintiff must show that his conviction or sentence had somehow been reversed or invalidated.  The Court held that in the absence of such a showing, there is simply no § 1983 cause of action and the case must be dismissed.  While Roy Heck was before the Supreme Court seeking damages under § 1983, the holding was not limited to such relief.  The Court's holding hinged on the principle that while both § 1983 and the federal habeas corpus doctrine provide avenues of relief for prisoner claims of unconstitutional treatment at the hands of state actors, the two doctrines are distinct. *Heck* 512 U.S. at 480.  A petitioner challenging the legality of his conviction must do so through a habeas corpus action.  The *Heck* Court established that a civil rights claim challenging a criminal conviction must establish that the conviction have been overturned in order to state a cognizable claim.  Votta does not plead that his conviction has been overturned or in any way invalidated.

Votta may not circumvent the federal habeas corpus and state appellate mechanisms by seeking an injunction in a civil rights action.[2]

Conclusion

Votta's complaint must be dismissed because he: a) has no standing to sue in this court, b) has not established that a current case or controversy exists, and c) cannot use a § 1983 claim to challenge the validity of state court conviction.  The plaintiff's complaint must therefore be dismissed under Rule 12(b)(1) and 12(b)(6).

                                        Respectfully submitted,

                                        THOMAS F. REILLY
                                        ATTORNEY GENERAL

                                        /s/ David M. Lieber
                                        David M. Lieber (BBO # 653841)
                                        Assistant Attorney General
                                        Criminal Bureau
                                        One Ashburton Place
                                        Boston, Massachusetts 02108
                                        (617) 727-2200 ext. 2827

Dated: March 18, 2004                   ATTORNEYS FOR
                                        DISTRICT ATTORNEY COAKLEY

---

[2] Depending upon how it is construed, Votta's complaint also implicates two other important federalism doctrines that sharply limit the circumstances under which a federal court can intervene in state criminal proceedings.  To the extent that plaintiff's criminal litigation is ongoing, his complaint must be dismissed based on *Younger v. Harris*, 401 U.S. 37 (1972), which held that the abstention doctrine generally bars federal action to enjoin existing state criminal proceedings.  Similarly, to the extent that the complaint seeks to have this court exercise supervisory authority over the SJC, this is clearly beyond this court's power. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman* 460 U.S. 462 (1983).