UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN C. VOTTA JR. | ) | Civil Action No. 04-10135-GAO |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| MARTHA COAKLEY | ) | |
|     Defendant | ) | |

INTRODUCTION

1. This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C.S.1983 and 1985, as authorized under 28 U.S.C.A. sections 1343 and 2283, seeking redress for the deprivation of the plaintiff's state and federal constitutional rights. Venue is proper in the U.S. District Court of Massachusetts, as all of the acts complained of occurred within the territory of the state of Massachusetts.

IDENTITY OF THE PARTIES

2. The plaintiff, John C. Votta Jr., is a native of Massachusetts and presently resides at 505 Douglas Road Lowell, Massachusetts with his wife, Judith. Plaintiff and his wife have three children and two grandchildren. Prior to his present occupation of automobile sales, plaintiff received his college education from Northeastern University and, later, was employed by Honeywell, BASF Systems and Wang Laboratories for a total period of twenty four years as an electronic engineer which led to a promotion to an engineering management position. Due to a major downturn in the electronics industry, resulting in an exodus of jobs out of Massachusetts, plaintiff

chose to make a career change and bought an existing car dealership in 1990.

3. Martha Coakley is the district attorney for Middlesex county in the state of Massachusetts.

## JURISDICTION

4. As applied to the sole count of plaintiff's complaint, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. sections 1343(a)(1,2,3,4) and 2283, for violation of constitutional rights as provided for under 42 U.S.C.A. sections 1983 and 1985. The plaintiff seeks injunctive relief, compensatory relief as well as attorney fees and costs pursuant to 42 U.S.C.A. s.1988. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendant for common law violations pursuant to 28 U.S.C.A.s.1367(a) as the common law claims form part of the same case or controversy.

## BACKGROUND OF THE FACTUAL ALLEGATIONS

5. This case involved a bad faith prosecution, based solely on innuendoes, and brought in retaliation, by certain officials of the Registry of Motor Vehicles, against the plaintiff for petitioning against an adverse order of the Registrar of Motor Vehicles. On March 26, 1996, the Registrar, Jerold A. Gnazzo, revoked all of plaintiff's auto dealership registration plates on an allegation, by a Massachusetts State Trooper, of a violation of failing to maintain a used car record book under M.G.L.c.140 s.62. Approximately four and half years later, a state Superior Court Judge reversed the adverse order of the Registrar, based on insufficient evidence to justify the Registrar's action. During the

pending action in Superior Court, plaintiff filed a civil rights claim for damages in federal court against William Schaefer, a Massachusetts State Trooper and the Registrar. Shortly after, plaintiff's customers were arbitrarily refused registration of their vehicles that were purchased from the plaintiff. On one such occasion, plaintiff accompanied two of his customers on a visit to the Registry of Motor Vehicle branch location in Lowell, where the trooper, William Schaefer also worked. There a registry clerk, who had previously refused to process paperwork submitted by plaintiff's customer, also refused to assist plaintiff with the same paperwork. The plaintiff then complained to the clerk's supervisor, in open public, about her incompetence. Moments later, the clerk told her husband that the plaintiff had pushed her which then caused her husband to confront and physically attack the plaintiff. After a few spectators came to plaintiff's aid, the police were summoned, took statements from the alleged victim, plaintiff and his customers, after which the police advised both his customers and plaintiff to leave. A week later, plaintiff met with a registry lawyer, Robert Horack who had supervised plaintiff's public record request regarding the federal lawsuit and the manager, James Rooney, of the Lowell branch who conceded that the customer's paperwork was in order and that to contact him if there were any future problems. A few weeks later, plaintiff received a summons to appear on a criminal charge of assault and battery on a public servant. The police department, the assistant district attorney and the clerk magistrate of the court refused to accept plaintiff's counterclaim against the clerk's husband. Before, during and after the criminal trial the named defendant, or persons under her control, caused a retaliatory bad faith criminal prosecution to commence by withholding exculpatory evidence;

introduced false, prejudicial and inflammatory statements during the jury trial to secure a conviction; and maintained the conviction by hindering plaintiff's right to appeal and access to courts by misusing and abusing the legal process to the extent that a judge of the Lowell District Court vacated the remainder of plaintiff's sentence.

For cause of action against district attorney Martha Coakley, plaintiff alleges:

6. For a total of over one and a half years, assistant district attorney Jane L. Fitzpatrick, under the direction of district attorney Martha Coakley, did hinder plaintiff's access to the state appeals court by misusing legal process and intentionally delaying her opposition to plaintiff's motion and amended motion for a new trial, causing a denial for consideration by the state appeals court of a consolidated appeal on all plaintiff's issues.

7. District attorney Martha Coakley, or persons under her control, did intentionally influence or persuade a clerk magistrate to issue a default warrant, lacking probable cause against the plaintiff, to discourage and hinder plaintiff's efforts in pursuing his appeal.

8. On April 3, 2002, and again on April 23, 2002, assistant district attorney, Jane L. Fitzpatrick, under the direction of district attorney Martha Coakley, did intentionally attempt to influence or persuade a judge to have the plaintiff incarcerated for three months, based on a false accusation of a probation violation in order to discourage and hinder plaintiff's pursuit of his appeal.

9. By continuing to both withhold exculpatory evidence and misrepresent facts, district attorney Martha Coakley, or persons under her control, caused the denial of plaintiff's

        state court relief by abusing a privilege based on settled Massachusetts law, in which appellate courts defer issues of credibility in favor of the prosecution.

10. Prior to the filing of this action, district attorney Martha Coakley, refused plaintiff's request to either, urge the single justice of the Massachusetts Supreme Judicial Court to vacate plaintiff's criminal conviction, or refrain from filing an opposition.

## COUNT I

11. Plaintiff alleges that the defendant, district attorney Martha Coakley, or persons under her control, intentionally hindered plaintiff's right of appeal to the courts causing actual injury to the plaintiff as alleged in paragraphs 6-10, inclusive, and in violation of rights guaranteed under the First, Fifth and Fourteenth Amendments to the Constitution and the Massachusetts Declaration of Rights.

## PRAYER FOR RELIEF

12. Wherefore, as a proximate cause to the injury suffered by plaintiff, as alleged in Count I, plaintiff seeks and prays judgment by means of an injunction to enjoin the defendant, district attorney Martha Coakley, or persons under her control, from opposing plaintiff's petition for extraordinary relief from the single justice of the Massachusetts Supreme Judicial Court and further, seeks and prays judgment against Martha Coakley, in her individual capacity, for just compensation for violation of plaintiff's rights, pursuant to the First, Fifth and Fourteenth Amendments to the Constitution and the Massachusetts Declaration of rights .

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all triable issues.

By the Plaintiff,

*[signature: John C. Votta Jr.]*

John C. Votta Jr.
505 Douglas Road
Lowell, MA. 01852
(978) 459-8449

March 2004