UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN C. VOTTA JR.         )        Civil Action No. 04-10135-GAO
     Plaintiff          )
                         )
                         )        PLAINTIFF'S MEMORANDUM OF REASONS IN
                         )        SUPPORT OF OPPOSITION TO DEFENDANT'S
                         )        MOTION TO DISMISS AND MOTION TO AMEND
MARTHA COAKLEY        )        COMPLAINT.
     Defendant   )

Fed. R. Civ. P. Rule 12(b)(6), motions to dismiss for failure to state a claim upon which relief can be granted are decided based on well-pleaded allegations of the complaint. Lessler v. Little, 857 F.2d 866,867(1st Circ.1988), cert denied, 489 U.S. 1016(1989). The Court must view the allegations in the light most favorable to the moving party and may dismiss the pleading only if "it appears beyond doubt that [the party seeking relief] can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46(1957). The Court must accept as true the factual matters outlined in the complaint. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Circ.1990).

The defendant's failure to comply with Local Rule 7.1(A)(2) has resulted in the filing of a premature motion to dismiss. Moreover, when it is not absolutely clear that a pro se plaintiff can not amend the complaint to allege constitutional violations, it is error to dismiss the complaint without notifying the plaintiff of the complaint's deficiencies and allowing him leave to amend, see e.g., Noll v. Carlson, 809 F.2d 1446 (9th Circ.1987).

If a cause of action fails to include a request for all the relief that a plaintiff may be entitled to, a "Court may award whatever relief is proper under the facts of the case and is not

limited by prayer for relief or language of complaint." Interdigital Technology Corp. v. OKI America, Inc., 845 F.Supp. 276, 282(E.D.Pa.1994). The factual allegations contained in plaintiff's original complaint, pursuant to Count II, make out a cause of action for which relief can be granted. Neither injunctive relief nor compensatory relief are barred by the Court's ruling in Heck v. Humphrey, 512 U.S. 477(1994) where a cause of action does not present a collateral attack on the validity of a criminal conviction. The Court, in Heck, said: "But if the district court determines that the plaintiff's action, even if successful, will [not] demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id at 487; and the Court's example in note 7, also at 487, supports this reasoning: "For example a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the section 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, see Murray v. United States, 487 U.S. 533, 539(1988), and especially harmless error, see Arizona v. Fulminante, 499 U.S. 279, 307-308(1991), such as a section 1983 action, even if successful, would not [necessarily] imply that the plaintiff's conviction was unlawful."

The Court went on to articulate that: "In order to recover compensatory damages, however, the section 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, see Memphis Community School Dist. v. Stachura, 477 U.S. 299,308(1986), which, we hold today, does [not] encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)" Id at 487 note 7.

Roy Heck was suing state officials for actions that caused his unjust criminal conviction. Here the plaintiff is not suing the defendant, Martha Coakley , for her actions in

causing an unjust criminal conviction, but rather, for her actions in hindering plaintiff's efforts to pursue an avenue of relief that the Court, in Heck, required from a petitioner such as Roy Heck and who would also require from this plaintiff.

## CONCLUSION

Therefore, based on the foregoing, this Court should deny defendant's motion to dismiss and grant plaintiff leave to amend his complaint.

Respectfully submitted,

*/s/ John C. Votta Jr.*

John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA. 02108, by first class mail today.

Date: 3-24-04           Signed: */s/ John C. Votta Jr.*