# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                    )
JOHN C. VOTTA, JR.                  )
        Plaintiff,                  )
                                    )         CA. No. 04-10135-GAO
v.                                  )
                                    )
MARTHA COAKLEY,                     )
        Defendant.                  )
_____ )
```

### MEMORANDUM OF LAW IN SUPPORT OF
### DISTRICT ATTORNEY COAKLEY'S MOTION
### TO DISMISS AMENDED COMPLAINT

Plaintiff John C. Votta, Jr., has amended his complaint (Amended Complaint, Paper No. 7, Attachment 1) against Martha Coakley, the Middlesex County District Attorney.  The Amended Complaint, like the original (Paper No. 1), seeks relief against the District Attorney under 42 U.S.C. § 1983 from what Plaintiff claims is a "bad faith prosecution."  Amend. Comp. at ¶ 5.   The Amended Complaint attempts to evade the bar against use of § 1983 to collaterally attack criminal convictions by dropping the original claim that initiation of the prosecution was unconstitutional, and instead recasting the complaint as exclusively involving denial of the right to appeal the conviction.  Amend. Comp. at ¶ 11.  This is a distinction without a difference; success on this claim would necessarily imply the invalidity of Plaintiff's criminal conviction, precisely the result barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Even if *Heck* did not mandate dismissal of the Amended Complaint, Plaintiff has stated no cognizable cause of action of against the District Attorney.  Plaintiff has failed to demonstrate either standing or the existence of a justiciable controversy sufficient to permit this court to enjoin the District Attorney from opposing Plaintiff's planned bid for extraordinary relief in the Massachusetts Supreme Judicial Court; such intervention in state criminal proceedings is, in any case, fundamentally incompatible with respect for the sovereignty of the state courts.  Plaintiff's new claim to be entitled to damages against the District Attorney in her individual capacity is equally fruitless, since it is based upon supervisory liability–not a permissible theory of recovery under

§ 1983–and since any claims against the District Attorney are barred by absolute immunity and qualified immunity. Finally, to the extent that Plaintiff has pleaded any state law claims, these are barred by equivalent state law immunities, and this court anyway lacks jurisdiction over these pendent claims, since Plaintiff has failed to plead a cognizable federal claim.

Even viewing the allegations in the light most favorable to Plaintiff, the Amended Complaint must be dismissed with prejudice as no interpretation of the facts can create a cognizable cause of action for which this court could provide a remedy.

I. <u>Allegations</u>

The Amended Complaint alleges the following:

Plaintiff had a protracted dispute with the Registry of Motor Vehicles. Amend. Comp. at ¶ 5. After his dealership license plates were revoked due to alleged violations of Massachusetts law, Plaintiff became involved in an altercation with a registry clerk of the Lowell branch of the Registry of Motor Vehicles. *Id*. Plaintiff alleges that after the clerk refused to assist him with certain paperwork, he complained to the clerk's supervisor about her incompetence and the clerk claimed that Plaintiff had pushed her. *Id*. The clerk summoned her husband, a State Trooper who worked at the Registry (and against whom Plaintiff had previously filed a federal civil rights action), who allegedly physically attacked Plaintiff. *Id*. After the police arrived and interviewed witnesses, they instructed Plaintiff to leave the premises. *Id*. Votta was eventually charged with and convicted of assault and battery of a public servant. *Id*. Plaintiff alleges that District Attorney Coakley or persons under her control procured this conviction through a "retaliatory bad faith criminal prosecution." *Id*.

The Amended Complaint contends that the Middlesex District Attorney's Office then hindered Plaintiff's appeal of the conviction by *inter alia*, delaying filing an opposition to his motion and amended motion for a new trial, *id*. at ¶ 6, seeking a default warrant against Plaintiff, *id*. at ¶ 7, having Plaintiff charged with a probation violation, *id*. at ¶ 8, "continuing to withhold exculpatory evidence" from the appellate courts, *id*. at ¶ 9, and failing to promise to either persuade a single

justice of the Supreme Judicial Court ("SJC") to grant extraordinary relief to Votta or to refrain from opposing his motion for the same. *Id*. at ¶ 10.

Votta claims that his cause of action against the District Attorney arises under 42 U.S.C. § 1983 and § 1985. Specifically, Votta alleges Constitutional violations under the First, Fifth and Fourteenth Amendments as well as under the Massachusetts Declaration of Rights. Amend. Comp. at ¶ 4. The Amended Complaint seeks two remedies. As in the original complaint, plaintiff asks this court to enjoin the District Attorney, or persons under her control, from responding to his, as yet unfiled, motion for extraordinary relief to a single justice of the Supreme Judicial Court ("SJC").[1] *Id*. The second prayer seeks unspecified compensatory damages against the District Attorney in her individual capacity. *Id*. at ¶ 12.

II.    Defenses

a.    Challenges to the validity of criminal convictions are not cognizable under § 1983.

Votta's Amended Complaint must be dismissed because the relief sought–both the injunction and the damages claim–would, if granted, necessarily imply the invalidity of his state criminal conviction. Section 1983 may not be used to challenge the constitutionality of state criminal convictions, unless Plaintiff can demonstrate that the conviction has been previously invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *see also Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973) (action for injunction under Civil Rights Act may not be used as substitute for petition for habeas corpus).

Plaintiff does not claim that the conviction has been invalidated. Indeed, the purpose of Plaintiff's suit is to compel the District Attorney to cooperate with, or at least not oppose, his future attempts to have the conviction overturned. Instead, Plaintiff claims, Memorandum in Opposition to Motion to Dismiss (Paper No. 8) at pp. 2-3, that the Amended Complaint does not challenge the

---

[1] "The Supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts … which may be necessary to the furtherance of justice and to the regular execution of the laws." Mass. Gen. L. c. 211, § 3.

validity of the conviction, since Plaintiff has dropped his claim that the initiation of the prosecution against him was unconstitutional. The Amended Complaint alleges only that the District Attorney has denied him the right to appeal his conviction. Even if it were possible for a criminal conviction to be lawful where the defendant has been unconstitutionally denied the right to appeal (Plaintiff does not suggest how this might be the case), the Amended Complaint would nevertheless be barred by the *Heck* rule. As the *Heck* Court took pains to point out, for a plaintiff to state a § 1983 claim in the absence of favorable termination of his conviction he must show "an actual, compensable injury, which . . . does *not* encompass the 'injury' of being convicted and imprisoned . . . ." 512 U.S. at 487, n. 7. Here, Plaintiff has pleaded no injury other than the fact that the District Attorney has continued to defend the validity of the criminal conviction on appeal. Such a claim is not cognizable under § 1983 until and unless Plaintiff can demonstrate that the conviction has been favorably terminated.

        b.    <u>Plaintiff lacks standing</u>.

Plaintiff now expressly acknowledges (as *Heck* requires) that he may not base this suit on any injury arising from his still-intact criminal conviction. This concession confirms District Attorney Coakley's position that he has failed to demonstrate standing sufficient to invoke this Court's jurisdiction. As discussed in detail in District Attorney Coakley's Memorandum of Law in Support of her first Motion to Dismiss (Paper No. 6 at pp. 3-7), the burden is on Plaintiff to establish standing by making three showings: first, Plaintiff must establish an injury in fact; second, a causal link must exist between the conduct complained of and the injury sustained; and third, a favorable decision must be likely to redress the harm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Allen v. Wright*, 468 U.S. 737, 751 (1984) (in order to establish standing, "plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct likely to be redressed by the requested relief."). The Amended Complaint meets none of these elements.

Plaintiff has alleged no injury beyond the fact of his criminal conviction. Even if there was a freestanding right to appeal, separate from the right to be free from an unlawful conviction,

Plaintiff did, in fact, receive full appellate review of his conviction, his first, and his second new trial motions. *Commonwealth v. Votta*, 761 N.E.2d 1013 (2002) (Mem. Op.); *Commonwealth v. Votta*, 789 N.E.2d 606 (2003) (Mem. Op.).[2]  The only injury conceivably suffered by Plaintiff is the one that he expressly disclaims–as *Heck* requires him to.

Nor is it possible to trace any cognizable injury to the conduct alleged against the District Attorney here.   If the allegations showed that the District Attorney had opposed this appeal in some unconstitutional fashion, the only plausible harm to Plaintiff is that he was denied a ground of appeal that would otherwise have freed him from the conviction.  Since *Heck* bars such claims, Plaintiff cannot establish a nexus between the conduct alleged and any injury in fact cognizable under § 1983.

Finally, Plaintiff fails to demonstrate that a decision in his favor would redress some harm he has suffered.  To the extent that the injunction Plaintiff seeks could aid him in any fashion, it could only do so by assisting him in invalidating his conviction.  If the injury he has suffered is not the conviction, then the relief he seeks will not redress that hypothetical injury, and Plaintiff lacks standing to demand the injunction.  Nor has Plaintiff suggested any injury other than unlawful conviction for which money damages would provide a remedy.

*Heck* presents Plaintiff with an irresolvable dilemma.  Because his conviction is still intact, Plaintiff may not invoke unlawful conviction or imprisonment as an injury sufficient to support this suit.  In the absence of such a claim, however, Plaintiff has suffered no redressable injury traceable to the District Attorney's conduct.  If  the Amended Complaint is premised on the invalidity of Plaintiff's conviction, it must be dismissed for failure to state a claim under the rule of *Heck v. Humphrey*; if it does not claim that the conviction was unlawful, then the Amended Complaint must be dismissed because Plaintiff lacks standing to invoke this court's jurisdiction.

---

[2]In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the pleadings, matters susceptible to judicial notice, particularly public records like court decisions.  *In re Colonial Mortgage*, 324 F.3d 12, 15-16 (1st Cir. 2003) ("matters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.")

c.    <u>This court may not grant the injunctive relief sought in the Amended Complaint</u>.

Like the original complaint, the Amended Complaint seeks to invoke this court's jurisdiction to prevent the District Attorney or the Middlesex County District Attorney's Office from responding to Plaintiff's proposed SJC petition seeking to have his conviction vacated. As the District Attorney's first Memorandum (Paper No. 6 at pp. 7-10 & n. 10) detailed, a constellation of fundamental constitutional and jurisprudential principles limit this court's power to grant injunctions of this kind. *O'Shea v. Littleton*, 414 U.S. 488, 493-504 (1974), sets forth at length the interrelated doctrines of federal jurisdiction and comity that generally prohibit federal courts from entering injunctive relief with respect to state criminal prosecutions. First, federal courts only have equity jurisdiction where there is a threatened or actual injury, and prior exposure to illegal prosecution is not itself a sufficient basis to meet this threshold: "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Id*. at 495-96. As the Court notes, injunctive relief regarding such existing adverse affects of an illegal prosecution is unavailable outside of habeas corpus. *Id*. at 496 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Finally, the doctrine announced by the Court in *Younger v. Harris*, 401 U.S. 377 (1971), requires federal courts to abstain from enjoining ongoing criminal prosecutions. *O'Shea*, 411 U.S. at 499-501. Thus, "recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is "both great and immediate." *Id*. at 499 (internal citations and quotation marks omitted). Petitioner, as described *supra* at section II. b., has made no showing of any cognizable injury, much less one that is so urgent and immediate as to warrant the equitable intervention of a federal court into ongoing state criminal proceedings.[3]

---

[3]Similarly, to the extent that the complaint seeks to have this court exercise supervisory authority over the SJC, this is clearly beyond this court's power. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman* 460 U.S. 462 (1983)

    d.    <u>The Amended Complaint states no claim for damages against the District Attorney in her individual capacity</u>.

The Amended Complaint, in addition to the equitable relief sought in the original complaint, adds a prayer for unspecified compensatory damages. Amend. Comp. at ¶ 12. No such relief is available because the Amended Complaint alleges no personal conduct by District Attorney Coakley sufficient to support liability under § 1983, and because the District Attorney would anyway be immune from damages for such a claim.

    i.    <u>Vicarious liability is unavailable under § 1983</u>.

Plaintiff's Amended Complaint does not allege that District Attorney Coakley took any action personally with respect to Plaintiff's prosecution or appeal. Instead, Plaintiff seeks to impute liability for the actions of persons in the District Attorney's Office to the District Attorney individually, presumably under a theory of supervisory liability. *See* Amend. Comp. at ¶¶ 6, 8 (imputing actions of specified Assistant District Attorneys to Ms. Coakley); ¶¶ 5, 7, 9, 11 (making allegations that the District Attorney "or persons under her control" took certain actions). Such vicarious liability is insufficient to state a claim for damages under § 1983.

The Fourteenth Amendment does not, as the Supreme Court has emphasized, convert every tort alleged against a state official into a federal civil rights claim. *See, e.g., DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 202 (1989) ("[T]he Due Process Clause of the Fourteenth Amendment . . . , as we have said many times, does not transform every tort committed by a state actor into a constitutional violation."). Thus, mere negligence or inadvertence is insufficient to state a claim under § 1983; in order to be actionable under the Civil Rights Act, conduct must be either intentional, or be so egregious as to evince a reckless or callous indifference to an individual's civil rights. *See Germany v. Vance*, 868 F.2d 9, 17-18 (1st Cir. 1989). An official displays such reckless or callous indifference only where "it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." *Id.* at 18. Thus, liability under § 1983 may not be premised on the acts of others under a theory of *respondeat superior*; rather, a supervisory employee may only be held liable for his own acts or omissions. *See*

*Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989); *Guzman v. City of Cranston*, 812 F.2d 24, 26 (1st Cir. 1987).

Here, plaintiff has alleged nothing about the personal conduct of District Attorney Coakley, and certainly nothing that would rise to the level of an intentional or callously indifferent act sufficient to support §1983 liability. The District Attorney cannot be held responsible individually under the Civil Rights Act for actions taken by persons in her office. The Amended Complaint fails to state a § 1983 claim against the District Attorney in her individual capacity.

ii.    Prosecutorial Immunity

Even if it pleaded personal conduct by the District Attorney that was sufficiently egregious to state a § 1983 claim, the Amended Complaint would fail to state a cognizable claim for damages, since the District Attorney is immune from suits for damages related to her performance as a prosecutor.

To protect the integrity of the judicial system, prosecutors, like judges, are absolutely immune from civil liability for acts performed in the course of their judicial or quasi-judicial duties, an immunity that extends to claims under § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Each of the relevant allegations in the Amended Complaint, ¶¶ 6-10, deals with in-court advocacy by prosecutors. Such core prosecutorial activities are "intimately associated with the judicial phase of the criminal process," and prosecutors are thus absolutely immune from damages claims arising out of their performance of these functions. *See Burns v. Reed*, 500 U.S. 478, 487-92 (1991). Moreover, to the extent that the Amended Complaint can be read to attribute some conduct to District Attorney Coakley that is outside the scope of the duties protected by prosecutorial immunity, suit against her is still barred by the doctrine of qualified immunity. *Id*. at 487-88. Plaintiff has pleaded no conduct by the District Attorney that a reasonable official would know violated his clearly established constitutional rights. *See Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985).

e.    State law claims

Plaintiff adverts generally to pendent state law claims, Amend. Comp. at ¶ 4, but does not state any such claims with specificity. To the extent that any such claims are present in the Amended Complaint, they are barred by the prosecutorial immunity provided by Massachusetts law, which is even broader than that available under federal law. *See Chicopee Lions Club v. Dist. Atty. of Hampden Dist.*, 485 N.E.2d 673 (1985) (prosecutorial immunity extends even to investigative activities of prosecutors). In any case, since Plaintiff's federal claims against the District Attorney are subject to dismissal, any pendent state law claims in the Amended Complaint must also be dismissed, either for a lack of subject matter jurisdiction, or for reasons of comity. *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

III.    Conclusion

The Amended Complaint must be dismissed pursuant to Rule 12(b)(6), because this court may not grant the relief requested without implicitly invalidating Plaintiff's state criminal conviction, in violation of the *Heck* rule. To the extent that Plaintiff is not claiming an injury based upon the invalidity of his conviction, he has failed to demonstrate standing sufficient to invoke this court's subject matter jurisdiction, and the Amended Complaint must be dismissed pursuant to Rule 12(b)(1). Finally, Plaintiff has failed to state a claim upon which the relief he seeks could be granted because the injunctive relief sought by Plaintiff is not of a kind that this court may grant consistent with the strong policy against federal equity intervention in state criminal proceedings, and because the District Attorney is absolutely immune from damages for actions arising out her performance as a prosecutor.

For these reasons and the reasons set forth in District Attorney Coakley's Memorandum of Law in Support of her first Motion to Dismiss, the Amended Complaint should be dismissed, pursuant to Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David M. Lieber
David M. Lieber (BBO # 653841)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2827

Dated: April 7, 2004                    ATTORNEYS FOR
                                        DISTRICT ATTORNEY COAKLEY