UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN C. VOTTA JR. )<br>      Plaintiff )<br>              )<br>v.                 )<br>              )<br>MARTHA COAKLEY )<br>      Defendant ) | Civil Action No. 04-10135-GAO |

PLAINTIFF'S MEMORANDUM OF REASONS IN SUPPORT OF
RESPONSE TO MOTION HEARING AND MOTION TO AMEND
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

This Court has scheduled a hearing for May 13, 2004 on defendant's motion to dismiss plaintiff's original complaint and makes no reference to plaintiff's amended complaint, which should have been filed without leave of Court, {see note 1}. In any event, this Court should not entertain defendant's present motion to dismiss because it is directed towards plaintiff's original complaint and does not defeat plaintiff's amended complaint which was filed on March 24, 2004. Therefore, this Court should postpone a hearing until such time that the defendant responds to plaintiff's amended complaint. However, in the event that this Court believes that defendant's instant motion can defeat plaintiff's amended complaint, plaintiff urges this Court to consider a substantial material fact in support of his prior legal argument in his opposition to defendant's motion to dismiss.

---

note 1: Plaintiff mistakenly moved for leave pursuant to Fed. R.Civ.P.15(a) which does not require leave of Court where a defendant has not filed a responsive pleading, see e.g. Walgren v. Howes, 482 F.2d 95, 96, note 1 (1st Circ.1973).

On page two of his memorandum, dated March 24, 2004, plaintiff pointed out to this Court, the Court's exception in Heck v. Humphrey, 512 U.S. 477(1994), which would apply to this plaintiff, ("But if the district court determines that the plaintiff's action, even if successful, will [not] demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id at 487).

On point with the Heck Court's opinion, plaintiff submitted, in his petition for rehearing to the Massachusetts Appeals Court, factual allegations regarding issues of prosecutorial misconduct that occurred after the conviction, which are the same factual allegations contained in either plaintiff's original or amended complaint to this Court. These same factual allegations were also presented to the Massachusetts Supreme Judicial Court in a petition for further appellate review, which resulted in both Courts denying relief. Therefore, if the prosecutorial misconduct issue, after the conviction, did not influence any state appeals court decision to invalidate the conviction then neither would this Court's decision to grant relief for the defendant's unlawful obstruction of justice that occurred after the criminal trial. Even assuming, for sake of argument, that plaintiff was guilty of the crime charged, it still does not give the defendant, Martha Coakley, the right to discourage plaintiff from pursuing his appeal, (see plaintiff's amended complaint paragraphs 7 and 8), nor does it give her the right to cause his appeal to fail, (see plaintiff's amended complaint paragraph 6) for even a guilty person is entitled to an appeal without unlawful interference. Bounds v. Smith, 430 U.S. 817 (1997). In Lewis v. Casey, 518 U.S. 343, 346, the Court said: "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury', took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal