UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN C. VOTTA JR.     )
         Plaintiff    )
                    )
v.                 )
                    )
MARTHA COAKLEY    )
         Defendant  )

Civil Action No. 04-10135-GAO

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e).

This Court granted defendant's motion to dismiss plaintiff's amended complaint (paper 10) and dismissed plaintiff's amended complaint on May 7, 2004, substantially for the reasons advanced in defendant's memorandum of law (paper 11) and, apparently, without consideration of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint with supporting memorandum of reasons (papers 15 and 16).

Essentially, the defendant raised three defenses in her motion to dismiss plaintiff's amended complaint; first, the bar provided by the federal common law of <u>Heck v. Humphrey</u>, 512 U.S. 477(1994), second, prosecutorial immunity and third, qualified immunity; none of which, (plaintiff has apparently unsuccessfully argued), applied to the facts alleged in plaintiff's amended complaint and asserted in his memorandum of reasons in support of his opposition to defendant's motion to dismiss plaintiff's amended complaint (paper 16).

In its ruling, the <u>Heck</u> Court reasoned that a federal court should not entertain a monetary damage suit arising from circumstances that caused a criminal conviction prior to invalidation of the conviction. However, it does not preclude injunctive relief, such as

1

requested in plaintiff's amended complaint. "The complaint sought, among other things, compensatory and punitive monetary damages. It did not ask for injunctive relief, and petitioner has not sought release from custody in this action." Id., at 479.  In fact, since the decision by the <u>Heck</u> Court the Seventh Circuit Court of Appeals, the same Circuit which led to the Court's ruling in <u>Heck</u>, decided that a criminal defendant can obtain an injunction against unlawful interference of a criminal defendant's pursuit of his appeal. See <u>Hoard v. Reddy</u>, 175 F.3d 531, 533 (7th Circ.1999)(" if the defendants are illegally blocking his access to state post-conviction remedies, he can obtain an injunction under 42 U.S.C.s.1983 to clear away the blockage. E.g., <u>Edwards v. Balisok</u>, 520 U.S. 641, 648-49 (1997)." Id.,at 533.

Moreover, the Ninth Circuit Court of Appeals articulated the conditions in evaluating whether section 1983 claims are barred by the <u>Heck</u> rule. See, <u>Cunningham v. Gates</u>, 312 F.3d 1148, 1154 (9th Circ.2003)("In evaluating whether claims are barred by <u>Heck</u>, an important touchstone is whether a section 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.' <u>Id. at 487 n.6, 114 S.Court 2364.</u>"), Id.,at 1154. In plaintiff's amended complaint, none of the factual allegations were presented to a jury and his claims, therefore, are not barred by <u>Heck</u>. Also, the reasoning applied by the Ninth Circuit Court of Appeals was also applied by the Massachusetts Appeal Court, see plaintiff's memorandum in opposition (paper 16., page 8).

In determining immunity, a court accepts a plaintiff's allegations as true. See <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 261 (1993).  In ruling in favor of the defendant, this Court has overlooked the allegations contained in plaintiff's amended complaint that make out a cause of action that fits within the contours of the Courts' rulings in <u>Hoard v. Reddy</u>, and <u>Cunningham v. Gates</u>, supra. The defendant, by directing assistant district attorney, Jane L.

Fitzpatrick, did not function as an advocate for the state when she misused the rules of criminal procedure to hinder plaintiff's appeals, (plaintiff's amended complaint paragraph 6), nor did she function as an advocate for the state when she had a clerk magistrate initiate a default warrant, lacking probable cause, for his arrest (plaintiff's amended complaint paragraph 7), nor did she function as an advocate for the state when she filed false statements to the trial court to have the plaintiff incarcerated (plaintiff's amended complaint paragraph 8), See Kalina v. Fletcher, 522 U.S. 118 (1997). In all three paragraphs of plaintiff's amended complaint, the defendant was functioning as a complaining witness because "Testifying about facts is the function of the witness, not of the lawyer. . . . Even when the person who makes the constitutionally required 'Oath or affirmation' is a lawyer, the only function that she performs in giving sworn testimony is that of a witness." Kalina at 130. Given malice and the lack of probable cause, a complaining witness is not absolutely immune at common law. See Malley v. Briggs, 475 U.S. 335, 340-341 (1986). Also see Kalina at 127, note 14.

Finally, this Court has effectively granted qualified immunity to the defendant, by dismissing plaintiff's amended complaint, without, at least, minimal discovery. See, e.g., Suboh v. District Attorney's Office of the Suffolk District, 298 F.3d 81 (1st Circ.2002).

CONCLUSION

While defendant's arguments have persuaded this Court to effectively issue, by its judgment, a license to commit wrongdoing, plaintiff's arguments, in total, should, with equal effect, revoke that license. Plaintiff, therefore, respectfully requests this Court to amend the judgment and allow plaintiff to proceed to discovery on the issue of qualified immunity.

Respectfully submitted,

John C. Votta Jr.
505 Douglas Rd.
Lowell,MA.01852
978  459-8449

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA.02108, by U.S. mail today.

Date: 5 - 18 - 04     Signed:

4