UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN C. VOTTA JR. )<br>        Plaintiff )<br>)<br>v. )<br>)<br>MARTHA COAKLEY )<br>        Defendant ) | Civil Action No. 04-10135-GAO<br><br>PLAINTIFF'S MOTION FOR LEAVE TO<br>FILE A SUPPLEMENTAL PLEADING |

Now comes the plaintiff, in the above captioned matter, and respectfully moves this honorable Court to grant his motion for leave to file a supplemental pleading pursuant to Fed.R.Civ.P. Rule 15(d). For reason, relevant events have occurred since this Court's May 7, 2004 dismissal and a supplemental pleading should be allowed as a matter of course unless some particular reason for its disallowance appears, New Amsterdam Cas.Co. v. Waller, 323 F.2d 20. A supplemental pleading is proper which merely presents subsequent matter already related to the claims as presented in the original pleading, Griffin v. County School Board of Prince Edward Co., 377 U.S.218. Except for an inappropriate delay, Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir.1995), Fed.R.Civ.P. Rule 15(d) contains no restriction on the time in which a supplemental pleading may be filed and the Rule explicitly provides that defects in the original pleadings have no effect on a party's ability to file a supplemental pleading.

## CASE BACKGROUND

This case involves a bad faith state criminal prosecution that was brought by certain officials of the Registry of Motor Vehicles, in retaliation against plaintiff John C. Votta Jr., for petitioning against an unjust adverse order of the Registrar of Motor Vehicles in which the plaintiff ultimately prevailed.

Before, during and after plaintiff's state criminal trial, on a charge of assault and battery on a registry clerk, certain persons of the Registry of Motor Vehicles, together with certain persons from the state district attorney's office, caused the retaliatory bad faith criminal prosecution to commence by withholding exculpatory evidence; then introduced false, inflammatory and prejudicial statements during the jury trial to secure a conviction; and finally, maintained the wrongful conviction by hindering plaintiff's right to appeal and access to courts by misusing the legal process to the extent that a judge of the Lowell District Court vacated the remainder of plaintiff's sentence.

## SUPPLEMENTAL PLEADING

1. On January 11, 2005 the Single Justice of the Massachusetts Supreme Judicial Court denied plaintiff's unopposed petition for an evidentiary hearing and reversal of his wrongful conviction (a showing of unfair bias in favor of state attorneys; also see plaintiff's amended complaint paragraph 9).

2. On March 14, 2005 plaintiff appealed the ruling by the Single Justice of the Massachusetts Supreme Judicial Court to the full Court.

3. On June 24, 2005, assistant district attorney Jane L. Fitzpatrick, under the

    direction of defendant Martha Coakley, filed an opposition to plaintiff's appeal to the full Supreme Judicial Court arguing that plaintiff's appeal lacked evidentiary support with regard to prosecutorial misconduct.

4. On June 30, 2005, plaintiff filed a motion, with supporting memorandum of reasons, for leave to respond to assistant district attorney Jane L. Fitzpatrick's opposition. In his memorandum of reasons, plaintiff made reference to facts which demonstrated that plaintiff did nor receive a fair trial. First, to secure a wrongful conviction, the trial prosecutor, instead of complying months earlier to mandatory pretrial conference disclosure, improperly withheld allegations of prior bad acts until a couple days before the trial. Second, plaintiff described a court authorized tape recording that memorialized the vacating of plaintiff's criminal sentence by the Lowell District Court as a result of the state district attorney's misconduct.

5. On June 10, 2004, the Court of Appeals for the First Circuit, in <u>Limone v. Condon</u>, 372 F.3d 29 (2004), ruled that any failure to secure a favorable termination of the underlying criminal conviction was excused by allegations of "government wrongdoing that effectively denied access to post-conviction remedies." <u>Limone</u>, 271 F.Supp. 2d at 361, ( In this case plaintiff's criminal sentence was vacated and he was effectively denied access to post-conviction remedies by government wrongdoing); {see note 1}.

---

note 1:    Plaintiff raised the issue, in <u>Limone v. Condon</u>, in his brief on appeal to the Court of Appeals for the First Circuit.

## CONCLUSION

Based on the foregoing, this Court should allow plaintiff's motion for leave to file his supplemental pleading, and allow an opportunity for defendant to respond, by vacating the order of dismissal and reinstate this matter for further proceedings.

Respectfully submitted,

*/s/ John C. Votta Jr.*

John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA. 02108, by U.S. mail today.

Date: 8-22-05    Signed: */s/ John C. Votta Jr.*

4