UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN C. VOTTA JR. ) | | Civil Action No. 04-10135-GAO |
| Plaintiff ) | | |
| ) | | |
| v. ) | | PLAINTIFF'S MOTION FOR LEAVE TO |
| ) | | FILE AN AMENDED SUPPLEMENTAL |
| MARTHA COAKLEY ) | | PLEADING (see paragraphs 6 to 8 ). |
| Defendant ) | | |

Now comes the plaintiff, in the above captioned matter, and respectfully moves this honorable Court to grant his motion for leave to file a supplemental pleading pursuant to Fed.R.Civ.P. Rule 15(d). For reason, relevant events have occurred since this Court's May 7, 2004 dismissal and an amended supplemental pleading should be allowed as a matter of course unless some particular reason for its disallowance appears, New Amsterdam Cas.Co. v. Waller, 323 F.2d 20. A supplemental pleading is proper which merely presents subsequent matter already related to the claims as presented in the original pleading, Griffin v. County School Board of Prince Edward Co., 377 U.S.218. Except for an inappropriate delay, Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir.1995), Fed.R.Civ.P. Rule 15(d) contains no restriction on the time in which a supplemental pleading may be filed and the Rule explicitly provides that defects in the original pleadings have no effect on a party's ability to file a supplemental pleading.

1

## CASE BACKGROUND

This case involves a bad faith state criminal prosecution that was brought by certain officials of the Registry of Motor Vehicles, in retaliation against plaintiff John C. Votta Jr., for petitioning against an unjust adverse order of the Registrar of Motor Vehicles in which the plaintiff ultimately prevailed.

Before, during and after plaintiff's state criminal trial, on a charge of assault and battery on a registry clerk, certain persons of the Registry of Motor Vehicles, together with certain persons from the state district attorney's office, caused the retaliatory bad faith criminal prosecution to commence by withholding exculpatory evidence; then introduced false, inflammatory and prejudicial statements during the jury trial to secure a conviction; and finally, maintained the wrongful conviction by hindering plaintiff's right to appeal and access to courts by misusing the legal process to the extent that a judge of the Lowell District Court vacated the remainder of plaintiff's sentence.

## SUPPLEMENTAL PLEADING

1. On January 11, 2005 the Single Justice of the Massachusetts Supreme Judicial Court denied plaintiff's unopposed petition for an evidentiary hearing and reversal of his wrongful conviction (a showing of unfair bias in favor of state attorneys; also see plaintiff's amended complaint paragraph 9).

2. On March 14, 2005 plaintiff appealed the ruling by the Single Justice of the Massachusetts Supreme Judicial Court to the full Court.

3. On June 24, 2005, assistant district attorney Jane L. Fitzpatrick, under the

2

       direction of defendant Martha Coakley, filed an opposition to plaintiff's appeal to the full Supreme Judicial Court arguing that plaintiff's appeal lacked evidentiary support with regard to prosecutorial misconduct.

4. On June 30, 2005, plaintiff filed a motion, with supporting memorandum of reasons, for leave to respond to assistant district attorney Jane L. Fitzpatrick's opposition. In his memorandum of reasons, plaintiff made reference to facts which demonstrated that plaintiff did not receive a fair trial. First, to secure a wrongful conviction, the trial prosecutor, instead of complying months earlier to mandatory pretrial conference disclosure, improperly withheld allegations of prior bad acts until a couple days before the trial. Second, plaintiff described a court authorized tape recording that memorialized the vacating of plaintiff's criminal sentence by the Lowell District Court as a result of the state district attorney's misconduct.

5. On June 10, 2004, the Court of Appeals for the First Circuit, in <u>Limone v. Condon</u>, 372 F.3d 29 (2004), ruled that any failure to secure a favorable termination of the underlying criminal conviction was excused by allegations of "government wrongdoing that effectively denied access to post-conviction remedies." <u>Limone</u>, 271 F.Supp. 2d at 361, ( In this case plaintiff's criminal sentence was vacated and he was effectively denied access to post-conviction remedies by government wrongdoing); {see note 1}.

---

note 1:    Plaintiff raised the issue, in <u>Limone v. Condon</u>, in his brief on appeal to the Court of Appeals for the First Circuit.

3

6. On September 6, 2005, during oral argument, the Massachusetts Supreme Judicial Court, (Chief Justice Margaret Marshall) indicated that M.G.L.c.211,s3, the extraordinary relief statute may not be used where other avenues of relief exist such as in this case where plaintiff's claim of prosecutorial misconduct can be pursued by a complaint in Superior Court.

7. On September 14, 2005, the Court of Appeals for the First Circuit ruled and on October 5, issued its mandate "with instructions to dismiss the claim without prejudice to plaintiff's refiling the claim in state court" (see attachment 1 and 2).

8. Since September 6, 2005, plaintiff has sought advice of counsel with regard to pursuing a claim in Superior Court, that was indicated by Justice Marshall; at least ten competent attorneys as well as two clerks in the Middlesex Superior Courthouse were of the opinion that all available avenues of relief have been exhausted. The most recent opinion was October 25, (see attachment 3).

CONCLUSION

Based on the foregoing, and particularly paragraphs 7 to 8 which demonstrate that no relief is available where Congress clearly intended relief in enacting the Federal Civil Rights statute for deliberate misuse of legal process by government officials who cause an unfair trial resulting in an unjust conviction, state law is inadequate. For example, with reference to the issue in attachment 3, regarding the trial prosecutor knowingly eliciting a false statement of an assault and battery on a state trooper, Massachusetts' standard of review as compared to federal standards are inadequate regarding prosecutorial misconduct. Under state law a prosecutor's improper tactic to intentionally mislead a jury is seldom considered, see Commonwealth v. Maltais, 387 Mass. 79,92 (1982) (victim

properly allowed to counter negative inferences suggested in cross-examination even though the challenged testimony "also tended to prove the defendant guilty of a crime for which he had not yet been convicted"), when compared to federal law, see, U.S. v. Auch, 187 F.3d 125, 131 (1st Circ.1999)( discussing the imposition of sanctions on a prosecutor who intentionally introduces prejudicial statements to secure a conviction).

    Therefore, this Court should allow plaintiff's motion for leave to file his amended supplemental pleading, and allow an opportunity for defendant to respond, by vacating the order of dismissal and reinstate this matter for further proceedings.

Respectfully submitted,

*/s/ John C. Votta Jr.*

John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA.02108, by U.S. mail today.

Date: 11-3-05    Signed: */s/ John C. Votta Jr.*

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 04-2609

[handwritten: 04-10135 J. O'Toole]

JOHN C. VOTTA, JR.,

Plaintiff, Appellant,

v.

MARTHA COAKLEY,

Defendant, Appellee.

[stamp: Certified and Issued as Mandate under Fed. R. App. P. 41. Richard Cushing Donovan, Clerk / Deputy Clerk / Date: OCT 05 2005]

Before

Selya, Lipez and Howard,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: September 14, 2005

   Having carefully reviewed the record in this case, including the briefs of the parties, we affirm the district court dismissal of plaintiff's claim for compensatory and injunctive relief.

   Construed liberally, plaintiff's complaint seeks damages for defendant's alleged interference with his ability to challenge in court his previous conviction for assault and battery. However, his appeal of this conviction was heard and rejected by the Massachusetts courts and his request for extraordinary relief before the Supreme Judicial Court is pending. Since plaintiff has not alleged that any viable claim of his has been irrevocably lost due to defendant's actions, his claim was properly dismissed. <u>See Lewis</u> v. <u>Casey</u>, 518 U.S. 343, 351-55 (1996).

   Plaintiff's request for an injunction preventing the defendant District Attorney from opposing his current request before the Supreme Judicial Court is without merit. "[R]ecognition of the need for a proper balance in the concurrent operation of federal

[handwritten at bottom: attachment 1]

and state courts counsels restraint against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both great and immediate." O'Shea v. Littleton, 411 U.S. 488, 499 (1974). Plaintiff has made no such showing.

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claim." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Therefore, the without prejudice dismissal of plaintiff's state law claims is vacated and the case is remanded to the district court with instructions to dismiss the claim without prejudice to plaintiff's refiling the claim in state court.

So ordered.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By:_____
       Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: OCT 05 2005

[certified copies: Honorable George A. O'Toole, Jr., Sarah A. Thornton, Clerk of the District Court of Massachusetts]

[cc: John C. Votta, Jr., David Mark Lieber, AAG]

attachment 2

# O'BRIEN LAW OFFICES
### 630 Boston Road
### Billerica, MA 01821

Telephone:(978) 262-9880
Facsimile: (978) 671-0712

October 25, 2005

John Votta
505 Douglas Road
Lowell, MA 01852

Dear John:

    As we discussed previously, it is my opinion that you have fully exhausted all available remedies thus there is no recourse for which you to pursue. I do feel that some of your arguments had merit, particularly that the statement concerning a prior assault and battery on a state trooper seriously impeded your ability to defend yourself. Unfortunately, the Appeals Court and SJC will often do whatever they can in order to affirm a conviction if possible. Even if there has been a serious error, they will often say it had no effect since the evidence against a defendant was so overwhelming, or that the judge's instructions cured everything. I guess they feel that if there are too may convictions that are overturned, there would be chaos in the District Court.

    I am truly sorry that I was not able to assist you in this matter. As I mentioned previously, your original paperwork is available at my office and can be picked up anytime during business hours.

    At this time I am closing your file at this office and notifying CPCS of my findings. I wish you the best of luck should you decide to pursue this matter pro se'.

Very truly yours,

Jennifer H. O'Brien

attachment 3