UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN C. VOTTA JR. )<br>Plaintiff )<br>)<br>v. )<br>)<br>MARTHA COAKLEY )<br>Defendant ) | Civil Action No. 04-10135-GAO<br><br>PLAINTIFF'S MOTION FOR AN<br>AMENDMENT TO THE PLEADINGS |

Now comes the plaintiff, in the above captioned matter, and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P.15 (b), for an amendment to plaintiff's pleadings, {see note 1}. For reason, it is impossible for this plaintiff to satisfy the requirement, under <u>Heck v. Humphrey</u> 512 U.S. 477 (1994), of having his unconstitutional criminal conviction vacated before this Court may grant any relief. To date, and for the past seven years since plaintiff's unconstitutional conviction, the state courts have repeatedly denied plaintiff's pleas for an evidentiary hearing thus preventing plaintiff from proving that he was wrongfully convicted. The State's last denial for an evidentiary hearing was on January 4, 2006, {Also, see note 2}. Because of the State's repeated denial of plaintiff's right, under the due process clause of the Fourteenth Amendment, for an opportunity to present evidence in his defense, plaintiff respectfully requests that this Court grant an evidentiary hearing pursuant to <u>Heck's</u> exception and the

---

note 1:   Federal Rule of Civil Procedure 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time … ."

related circumstances outlined in Banks v. Dretke, 540 U.S. 668(2004). For additional support of this motion, plaintiff relies on his memorandum of reasons.

---

note 2:  On April 26, 2006, and after this Court amended its judgment, regarding plaintiff's state law claim, the State Superior Court dismissed plaintiff's state civil rights claim based on absolute immunity which precludes any opportunity for discovery.

### Local Rule 7.1(A)(2) Certificate

On June 9, and June 26, 2006, plaintiff conferred with counsel for the defendant, David M. Lieber, in an unsuccessful attempt to narrow or resolve the issues.

Respectfully submitted,

*John C. Votta Jr.*
John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA.02108, by U.S. mail today.

Date: 6-27-06    Signed: *John C. Votta*

2