UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 JUN 27  P 12: 36

JOHN C. VOTTA JR.    )           Civil Action No. 04-10135-GAO
          Plaintiff  )
                     )
v.                   )
                     )
MARTHA COAKLEY       )
          Defendant  )

PLAINTIFF'S MEMORANDUM OF REASONS IN SUPPORT OF HIS MOTION FOR AN AMENDMENT TO THE PLEADINGS.

NATURE OF THE CASE

This case involves a claim for injunctive and compensatory relief, pursuant to §1983 and §1985(2) of the Federal Civil Rights Act of 1871, for both state and federal constitutional violations.

PRIOR PROCEEDINGS

This case came before this Court on January 21, 2004.(R1). The complaint was served on the defendant on January 26, 2004 (R4). Defendant filed a motion to dismiss on March 18, 2004 (R5). Plaintiff filed an amended complaint on March 24, 2004 (R7). Defendant filed a motion to dismiss plaintiff's amended complaint on April 7, 2004 (R10). Plaintiff's opposition to defendant's motion to dismiss plaintiff's amended complaint was filed on April 22, 2004 (R15). Judgment in favor of the defendant was entered on May 10, 2004 (R18). On May 21, 2004, plaintiff filed a motion to amend the judgment (R19), which was opposed by the defendant on May 28 (R21) and denied by this Court on July 20, 2004. On November 10, 2004, this Court allowed

1

plaintiff's motion to file a late appeal which was docketed in the Court of Appeals on November 29, 2004 (R23). On September 14, 2005, the Court of Appeals affirmed the dismissal of all but plaintiff's state claims and issued a mandate on October 5, 2005 for this Court to amend the judgment to exclude the dismissal of plaintiff's state law claims.

## FACTS

On December 15, 1998, a state court jury of six found Votta, the owner of two automobile dealerships, guilty of pushing a Registry of Motor Vehicles clerk based on circumstantial evidence and trial testimony, from both the victim and another registry clerk, of previous episodes of disorderly conduct. Prior to his conviction, Votta had filed two civil actions, one in Superior Court against Registrar Jerrold Gnazzo and another in federal court against Massachusetts State Trooper William Schaefer and Registrar Jerrold Gnazzo. Through his court appointed attorney, Votta claimed that the Registry of Motor Vehicles was attempting to put him out of business by revoking all his automobile dealer plates, indefinitely and by arbitrarily rejecting vehicle registration papers submitted by his customers. Before, during and after Votta's trial, certain persons from the district attorney's office engaged in several acts of misconduct to the extent that a judge, other than the trial judge, vacated the remainder of Votta's sentence and dismissed the case while the state court appeal was pending.

## ARGUMENT

The Court in <u>Heck v. Humphrey</u> 512 U.S. 477 (1994) ruled that before a section 1983 plaintiff can obtain monetary or injunctive relief as a result of an unconstitutional state criminal conviction, " a §1983 plaintiff must prove that the conviction or sentence

2

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254", {See note 1}. Plaintiff's initial complaint sought injunctive relief and his amended complaint added compensatory relief, both of which this Court, and affirmed by the First Circuit Court of Appeals, denied based on defendant's motion to dismiss, pursuant to the bar of Heck. However, Heck does not bar relief that would not implicate the validity of the conviction such as plaintiff's request for an evidentiary hearing, Heck at 487, note 7.

Unlike the petitioner in Heck, who was granted an evidentiary hearing but was unsuccessful in presenting any evidence to reverse his unconstitutional conviction, the instant plaintiff, Votta, has been repeatedly denied, by the State, any opportunity to present evidence both during and after his unconstitutional criminal trial, see, e.g., Banks v. Dretke, 540 U.S. 668, 686 (2004),("Banks [would be] entitled to an evidentiary hearing [in federal court] if he [could] show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure." quoting Keeney v. Tamayo-Reyes, 1,11 (1992)). Here, Votta can show "cause" for his failure to develop facts in his state court proceedings because the state prosecutor withheld exculpatory evidence and lied to the trial judge when asked, on the day of the trial, if defense counsel was fully informed with regard to allegations of prior bad acts. Banks v. Dretke, 540 U.S. 668, 686 (2004)("a petitioner shows 'cause' when the reason for his failure to develop

---

note 1: Implicit in this ruling is the Court's reliance, based on comity, that a state judicial system would provide a reasonable opportunity for a criminal defendant to challenge his unconstitutional conviction.

3

facts in state-court proceedings was the State's suppression of the relevant evidence". After his unconstitutional conviction the State continued to misrepresent the facts to cause his appeals to fail, Banks v. Dretke, Id. (Also, see amended complaint paragraphs 6-10).

Because Votta was not incarcerated he would not be eligible for federal habeas corpus review which, presently, is the only means to challenge an unconstitutional state criminal conviction when a state violates the federal principle of comity, Banks v. Dretke, Id. Votta's circumstance presents a situation that has no remedy where there ought to be one, {see note 2}.

---

note 2:   §1983, Civil action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.....

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests this Honorable Court to grant plaintiff's motion for an evidentiary hearing.

Respectfully submitted,

John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA. 02108, by U.S. mail today.   Date: 6-27-06   Signed:

4