**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
                                          )
JOHN C. VOTTA, JR.                        )
        Plaintiff,                        )
                                          )      No. 04-10135-GAO
v.                                        )
                                          )
MARTHA COAKLEY, et al.                    )
        Defendants                        )
_____)
```

**DISTRICT ATTORNEY COAKLEY'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant District Attorney Coakley hereby opposes Plaintiff's post-judgement, post-appeal motion to amend his complaint, Paper No. 33. Plaintiff's motion must be rejected for at least three reasons.

First, the motion does not actually propose to amend plaintiff's complaint. Instead, it merely seeks to have this Court conduct an evidentiary hearing to adduce evidence to support claims that this Court and the First Circuit have already rejected as stating no claim for relief.

Moreover, petitioner's suggestion that an evidentiary hearing would somehow operate to raise the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), is inconsistent with *Heck*'s express dictate that either a competent state court or a federal court exercising habeas corpus jurisdiction must invalidate a conviction *before* a § 1983 claim arises. Permitting a § 1983 plaintiff to prove his conviction illegal in the context of his federal wrongful conviction action is precisely what *Heck* prohibits.

Finally, F.R.C.P. 15(b) is inapplicable here. Rule 15(b) permits amendment of the pleadings after trial so that the pleadings may conform to the evidence upon which the case was actually tried. Here, the petition was dismissed before trial because it failed

to state a claim.  Where, as here, the case was actually decided on the pleadings and nothing else, it is impossible to amend the pleadings to conform to the evidence.  *See* Wright, Miller & Kane, Federal Practice and Procedure (Civil) 2d § 1494 ("But if the issue in fact has not been tried with the consent of the parties, then an amendment to conform to the pleadings will not be permitted no matter when made.").

Petitioner's motion to amend his complaint should be denied because it does not seek amendment, because it would be futile, and because it comes too late.  For these reasons, the District Attorney respectfully requests that the motion be denied.

Respectfully submitted,
THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David M. Lieber
David M. Lieber (BBO # 653841)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2827

Dated: July 11, 2006                    ATTORNEYS FOR
                                        DISTRICT ATTORNEY COAKLEY