UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED CLERKS OFFICE
2006 AUG 15 P 1:31
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JOHN C. VOTTA JR. )<br>Plaintiff )<br>)<br>v. )<br>)<br>MARTHA COAKLEY )<br>Defendant ) | Civil Action No. 04-10135-GAO |

PLAINTIFF'S REQUEST, WITH REASONS, FOR A HEARING ON DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS.

Now comes the plaintiff, in the above captioned matter, and respectfully requests a hearing on defendant's memorandum in opposition to plaintiff's motion to amend his pleadings, (paper no. 35). For reasons, the defendant has advanced three arguments in opposition to plaintiff's motion to amend his pleadings, none of which defeat plaintiff's motion. First, the defendant's perception that plaintiff's motion "merely seeks to have this Court conduct an evidentiary hearing to adduce evidence to support claims that this Court and the First Circuit have already rejected as stating no claim for relief", is misplaced. Rather, plaintiff's motion seeks to invoke this Court's jurisdiction to bring "long-suppressed evidence" to light as a result of unlawful state action; "When police or prosecutors conceal significant exculpatory or impeaching material in the State's possession, it is ordinarily incumbent on the State to set the record straight". Banks v. Dretke, 540 U.S. 668, 670 (2004){See note 1}.

The defendant next concedes that "either a competent state court or a federal court exercising habeas corpus jurisdiction must invalidate a conviction *before* a § 1983 claim

1

arises", but then shifts position by arguing that this Court lacks jurisdiction, "Permitting a §1983 plaintiff to prove his conviction illegal in the context of his federal wrongful conviction action is precisely what *Heck* prohibits". Here, the defendant appears to suggest that plaintiff should bring a new action to seek federal review; a suggestion that would only perpetuate bringing to light "long-suppressed evidence", Id., at 670.

Lastly, assuming that Votta could be eligible for habeas review, the defendant's contention that a Rule 15(b) motion is inapplicable is at odds with the Court's ruling in Banks v. Dretke, Id., at 700, ("We have twice before referenced Rule 15(b)'s application in federal habeas proceedings. In *Harris* v. *Nelson*, 394 U.S. 286, 294, n. 5 (1969), we noted that Rule 15(b)'s use in habeas proceedings is "noncontroversial." In *Withrow* v. *Williams*, 507 U.S. 680, 696, and n. 7 (1993), we similarly assumed Rule 15(b)'s application to habeas petitions. There, however, the District Court had granted a writ of habeas corpus on a claim neither pleaded, considered at "an evidentiary hearing," nor "even argu[ed]" by the parties. *Id.*, at 695.)".

---

note 1: In addition to significant exculpatory and impeaching material alleged in plaintiff's complaint and motion for a federal evidentiary hearing, the office of Attorney General Thomas Reilly, that now represents the defendant Martha Coakley, was well aware of plaintiff's successful challenge to the registrar's arbitrary revocation of plaintiff's dealer plates since that same office also represented the Registrar, Jerrold Gnazzo, which would also raise a question as to that office's knowledge regarding Coakley's participation in a retaliatory scheme against plaintiff (see amended complaint paragraph 5).

### Local Rule 7.1(A)(2) Certificate

On August 14, and 15, 2006, plaintiff was unsuccessful in conferring with counsel for the defendant, David M. Lieber, to narrow or resolve the issues.

Respectfully submitted,

*[signature: John C. Votta Jr.]*

John C. Votta Jr.
505 Douglas Rd.
Lowell, MA. 01852
978 459-8449

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David M. Lieber, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA. 02108, by U.S. mail today.

Date: 8-15-06     Signed: *[signature: John C. Votta Jr.]*

3